## LOWRIE v. J. N. WISNER & CO.

### No. 8754.

Court of Civil Appeals of Texas. San Antonio.

Feb. 24, 1932.

Rehearing Denied March 23, 1932.

Bryce Ferguson, of Edinburg, for appellant.

Kennedy Smith and J. F. Carl, both of Edinburg, for appellee.

FLY, C. J.

This suit was instituted by appellee against appellant to recover $2,745.90, as evidenced by an open account for commissions earned in buying cotton for appellant. The court rendered judgment in favor of appellee as against appellant for the amount sued for.

The defense, sought to be made by appellant, was that the contract between appellant and appellee was as to dealing in cotton futures, which, under the laws of Texas, was null and void.

The findings of fact are adopted by this court, as follows:

"J. N. Wisner, Erwin Craighead Lea, and Henry Hellberg, plaintiffs in said cause, during the year 1924 were engaged in the cotton brokerage business in the city of New Orleans, La., under the firm name and style of J. N. Wisner & Co., and said plaintiffs, during said year, were regular members in good standing of the New Orleans Cotton Exchange, a duly and regularly organized cotton exchange, operating under and by virtue of the laws of the state of Louisiana. The defendant, during said year, and particularly at the times hereinafter enumerated, was a resident of Hidalgo county, Tex., engaged in business as a cotton buyer. During said year 1924 the plaintiffs owned and operated a branch exchange, or subexchange in the city of Pharr, Hidalgo county, Tex.

"During the month of May, 1924, the defendant, M. H. Lowrie, conferred with one of the plaintiffs, Henry Hellberg, who was at that time temporarily in Hidalgo county, Tex., and the defendant stated to plaintiff in substance that he (defendant) desired to place cotton contracts through the plaintiffs on the New Orleans and New York Cotton Exchanges for the purpose of hedging and protecting the defendant against losses on actual spot cotton purchased, or sold by the defendant, and at that time the defendant requested the said Hellberg, as a member of the firm of J. N. Wisner & Co., to extend to him a line of credit for the purpose of enabling defendant to conduct hedging operations through the exchange of J. N. Wisner & Co.; and at the request of defendant, as aforesaid, the plaintiffs extended to defendant a $2,500 credit for the purpose of enabling defendant to place hedging contracts through the plaintiffs' cotton exchange at New Orleans and its subexchange at Pharr, Tex.

"The various contracts alleged in the plaintiffs' petition were handled by J. N. Wisner & Co. of New Orleans, for and on behalf of the defendant, and at his request, and he

became liable to pay the plaintiffs the various sums sued for; and these were interstate transactions."

Under the law, as enacted by the Thirtieth Legislature (1907), c. 86, Rev. Cr. Stats. 1911 (Pen. Code), arts. 538 to 547, what is known as "Bucket Shops" used for gambling in cotton futures were condemned, and dealings in cotton with no intention to actually deliver any cotton are punished.

It is provided in the act (section 6), however, that: "It may be shown in defense of any prosecution under this section of this act that the transaction out of which such prosecution arose was a 'hedging' contract between parties in this State and a party or parties without this State and if such contract was made in whole or in part by any message sent by telegraph or telephone, that such message was delivered to the telegraph or telephone company sending the same by the defendant himself, and not through or by any broker or agent, and that such company rendering such service was a common carrier, exclusively so engaged, with no direct or indirect connection with or interest in such transaction other than the transmission of such message and receiving the charges therefor which are not in excess of the usual rate for commission messages between the points of transmission and receipt of such message."

No definition of "hedging" is found in the act, but in the case of Telegraph Co. v. Bain, 163 S. W. 98, 101, decided by the Galveston Court of Civil Appeals, it is held: "By 'hedging' contracts, as we understand them, is meant that, where a party buys a given number of bales of cotton at the price current on the date of purchase, and sells an equal number of bales for future delivery, or 'futures,' he thereby protects himself against loss due to fluctuation in the market, for, if the price of cotton goes down he gains on futures, and if prices advance, he loses on futures, but, in either event, he is secure in the profits he has gained on the price of the cotton at the time he purchased it. In common parlance, he sells futures to hedge against loss in the purchase of spots. These hedging contracts are not permitted by law to be made within this state, but are excepted by article 543, where the transaction is between a party in this state and a party without this state."

The only question in this case is as to whether the testimony sustains the claim of appellee that the contract between the parties was for "hedging" purposes alone. The court has resolved the controversy in favor of appellee, which contended that the contract was purely a hedging contract, as provided by law. Appellee brought itself within the provisions of the statute by the fact that it had its domicile in New Orleans, La., and appellant resided in Pharr, Hidalgo county, Tex. The testimony is sufficient to sustain the judgment of the court. It may not be amiss to state that the statute now in existence as to "bucket shops" repealed the statute under which the transactions in this case took place, and substituted different provisions. Pen. Code 1925, art. 656 et seq. This case was tried under the provisions of the old law.

Appellant's propositions are all overruled. The judgment is affirmed.